UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL FROZEN FOODS CORPORATION, A WASHINGTON CORPORATION,,

Plaintiff,

v.

BERKLEY ASSURANCE COMPANY, an Iowa Corporation,

Defendant.

Case No. C17-339 RSM

ORDER DENYING MOTION TO DISMISS OR TRANSFER AND GRANTING MOTION FOR CONFIRMATION OF VENUE

## I. INTRODUCTION

This matter comes before the Court on Defendant Berkley Assurance Company ("Berkley")'s Motion to Dismiss or Transfer Venue, brought on the basis of a forum-selection clause (Dkt. #18) and Plaintiff National Frozen Foods Corporation ("National Frozen")'s Motion for Confirmation of Venue (Dkt. #28). Berkley argues that a forum selection clause requires this action be transferred to the Southern District of New York. National Frozen argues that the forum selection clause was void *ab initio* under RCW 48.18.200. For the reasons stated below, the Court DENIES Berkley's Motion and GRANTS National Frozen's Motion.

ORDER DENYING MOTION TO DISMISS OR TRANSFER AND GRANTING MOTION FOR CONFIRMATION OF VENUE - 1

## II. BACKGROUND[1]

National Frozen is a supplier of frozen vegetables and is Washington corporation with its principal place of business in Seattle, Washington. Dkt. 1-1 at ¶ 2. In May 2016, National Frozen purchased a Contaminated Products Insurance Policy from Berkley. *Id*. at ¶ 6; *see also* Dkt. #19 at 7.[2] The Policy contains a forum-selection clause, which states:

> H. CHOICE OF LAW AND FORUM: The construction, validity and performance of this Policy will be governed by the laws of the United States and the State of New York without giving effect to the provisions regarding choice of law. All claims and disputes will be brought for adjudication either in the Supreme Court of the State of New York in and for the County of New York or in the U.S. District Court for the Southern District of New York.

Dkt. #19 at 21.

National Frozen suffered a recall during the period Berkley contracted to insure. *See* Dkt. 1-1 at ¶¶ 17-29 (describing recall of peas contaminated with listeria monocytogenes). Berkley denied coverage for the loss. *Id*. at ¶¶ 30 – 32.

On February 2, 2017, National Frozen filed a suit against Berkley in King County Superior Court, and Berkley later removed to this Court. Dkt. #1. In its Complaint, National Frozen seeks a declaration of coverage under the Policy and that the losses sustained as a result of the recall should be paid under the Policy provisions. Dkt. #1-1 at ¶¶ 34 – 35. National Frozen also claims it is entitled to damages for breach of contract, bad faith, breach of the covenant of good faith and fair dealing, and violation of the Washington Unfair Claims Settlement Practices Act and the Washington Consumer Protection Act. *Id*. at ¶¶ 37 – 46.

---

[1] The following background facts are taken from Plaintiff's Complaint, Dkt. #1-1, and accepted as true for purposes of ruling on Defendant's Motion to Dismiss. The Court need not discuss all facts presented in the Complaint, and will focus on those facts relevant to the instant Motions.

[2] The policy appears to have been attached to the Complaint as "Exhibit A" when originally filed in state Court, *see* Dkt. #1-1 at ¶ 6, and in any event is incorporated into the pleadings.

ORDER DENYING MOTION TO DISMISS OR TRANSFER AND GRANTING MOTION FOR CONFIRMATION OF VENUE - 2

# III. DISCUSSION

## A. Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

## B. Berkeley's Motion to Dismiss

Berkley argues this case should be dismissed because it was filed in the wrong court pursuant to the Policy's forum selection clause above. *See* Dkt. #18. Berkley argues that federal law governs the "validity" of forum selection clauses. *Id*. at 7 (citing *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512-13 (9th Cir. 1988); *Argueta v. Banco Mexicano*,

*S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Perlman v. Jackson Hewitt, Inc.*, 2010 WL 5470804, at *1 (E.D. Wash. July 30, 2010); *Allianz Glob. Risks U.S. Ins. Co. v. Ershigs, Inc.*, 138 F. Supp. 3d 1183, 1189 (W.D. Wash. 2015)). Berkley also argues that Washington State law should not be considered, even though RCW 48.18.200 appears to invalidate the forum selection clause in question. Dkt. #18 at 10 – 11. Berkley admits that "[t]he fact that RCW § 48.18.200(1) directly contradicts federal law regarding the validity of forum-selection clauses does not appear to have ever been addressed by this Court." *Id.* at 11. Berkley attempts to distinguish *Jorgenson Forge Corp. v. Illinois Union Ins. Co.*, 2014 WL 12103362 (W.D. Wash. June 17, 2014), arguing that it improperly relied on RCW 48.18.200 when federal law governs the validity of forum selection clauses. *Id.* at 11 – 12.

In Response, National Frozen argues that "the [forum selection] clause is void *ab initio* under Washington law, meaning it is not—and never was—part of the insurance contract." Dkt. #26 at 5. National Frozen cites to RCW 48.18.200 in part:

> (1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement
>     (a) requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country; or
>     (b) depriving the courts of this state of the jurisdiction of action against the insurer . . . .
> (2) *Any such condition, stipulation, or agreement in violation of this section* **shall be void**, but such voiding shall not affect the validity of the other provisions of the contract.

RCW 48.18.200 (emphasis added). National Frozen specifically argues that the term "void" as used by the state legislature means the clause was never part of the contract and cannot be enforced. Dkt. #26 at 5 (citing *Bilanko v. Barclay Court Owners Ass'n*, 185 Wn.2d 443, 449, 375 P.3d 591 (2016); *Keller v. Sixty-01 Assoc. of Apartment Owners*, 127 Wn. App. 614, 629,

ORDER DENYING MOTION TO DISMISS OR TRANSFER AND GRANTING MOTION
FOR CONFIRMATION OF VENUE - 4

112 P.3d 544 (2005)). National Frozen argues that RCW 48.18.200, on the other hand, is actually incorporated into the policy under state law. *Id.* at 5 – 6 (citing *CLS Mortgage, Inc. v. Bruno*, 86 Wn. App. 390, 395, 937 P.2d 1106 (1997) ("insurance regulatory statutes are considered to be part of an insurance policy"); *Graham-Bingham Irrevocable Trust v. John Hancock Life Ins. Co. USA*, 827 F. Supp. 2d 1275, 1283 (W.D. Wash. 2011) ("regulatory statutes are generally incorporated by law into insurance policies")). National Frozen argues that "[t]he forum-selection clause cannot be 'valid' under federal law, and [National Frozen] cannot have 'breached' the clause by filing suit in Washington, because the clause is not even part of the Policy." *Id.* at 6. Later, National Frozen cites to *Jorgensen*:

> If the forum-selection clause prohibitively "depriv[es] the courts of [Washington] ... of the jurisdiction of action against the insurer," then the provision is void and cannot be enforced. § 48.18.200(1)(b). In *James River*,[3] the Supreme Court of Washington … determined that the legislative intent behind Section 48.18.200(1)(b) was to "protect the right of policyholders to bring an original 'action against the insurer' in the courts of this state."
>
> It is beyond question that the Washington Supreme Court would hold that the forum-selection clause in this contract is void. The forum-selection clause is even more prohibitive of judicial review than the mandatory arbitration clause struck down in *James River* because the forum-selection clause does more than limit the Washington courts' jurisdiction (as an arbitration provision would do)—it completely removes the case from the courts of the state. Giving effect to the forum-selection clause would create the very situation that the statute sought to eliminate. Therefore, the forum-selection clause is invalid under Section 48.18.200(1)(b).

*Id.* at 8 (citing *Jogensen* at *3). *National Frozen* also cites *Cedar Grove Composting, Inc. v. Ironshore Specialty Ins. Co.*, 2015 WL 3473465, *3 (W.D. Wash. June 2, 2015), which cited approvingly to RCW 48.18.200 in dicta. Finally, National Frozen argues that Berkley's citation to *Atlantic Marine, Manetti-Farrow*, and similar cases is misplaced because "*Atlantic Marine*

---

[3] *Dep't of Transp. v. James River Ins. Co.*, 176 Wn.2d 390, 399, 292 P.3d 118 (2013).

ORDER DENYING MOTION TO DISMISS OR TRANSFER AND GRANTING MOTION FOR CONFIRMATION OF VENUE - 5

addresses only the enforcement of a valid forum-selection clause; it does not address the standards governing whether the clause is valid in the first place." *Id.* at 10 (citing *Atl. Marine*, 134 S. Ct. at 581 n. 5 ("Our analysis presupposes a contractually valid forum-selection clause")). National Frozen similarly distinguishes *Manetti-Farrow* and argues it does not apply in the insurance context. *See id.* at 11. Finally, National Frozen argues that the alternative request for transfer under 28 U.S.C. § 1404 should be denied because "Berkley's entire § 1404 argument is based on the false premise that the Policy's forum-selection clause is valid" and because all public and private interest factors weigh in favor of a Washington venue. *See id.* at 14 – 18 (citing, *inter alia*, the location of witnesses and physical evidence in this district).

On Reply, Berkeley reiterates its argument that federal law governs the "validity" of forum selection clauses. Dkt. #30 at 5 (citing, again, *Perlman* and *Allianz, supra*). Berkley argues that "*Jorgenson* has no effect on this motion because it incorrectly applies state law, rather than federal law" and because "the issue of whether state or federal law governed the validity of the forum-selection clause was not briefed by the parties…" *Id*. at 8. Berkley also cites *Stewart Organization, Inc. v. Ricoh Corp.*, 108 S.Ct. 2239 (1988) for the first time and wonders why "National Frozen's opposition completely disregards the decision in *Stewart*." *Id.* at 6.[4] All of Berkeley's arguments assume there is a valid forum selection clause.

The Court finds *Jorgensen* on point and agrees with National Frozen's analysis of that case. RCW 48.18.200 renders the forum selection clause of the Policy in this case void *ab initio*. *See Jorgensen* at *3. It was never part of the insurance contract. The Court also agrees with the court in *Jorgensen* that "[i]t is beyond question that the Washington Supreme Court would hold that the forum selection clause in this contract is void." *Id*. Berkeley makes no

---

[4] Indeed, National Frozen filed a Surreply requesting the Court strike Berkley's discussion of *Stewart* and other materials as improperly raised for the first time on Reply. Dkt. #34. Because the Court does not rely on *Stewart* or the other materials raised in the Surreply, the Court finds these requests moot.

ORDER DENYING MOTION TO DISMISS OR TRANSFER AND GRANTING MOTION FOR CONFIRMATION OF VENUE - 6

compelling argument to deviate from the holding in *Jorgensen*. *Manetti-Farrow* and *Perlman* are not instructive because those cases did not deal with a state statute that voids a forum selection clause before its validity or effect could be interpreted under federal law. *Stewart* is likewise unhelpful because it dealt with "Alabama's putative policy regarding forum-selection clauses," not a state law making a forum selection clause void. In sum, the Court has reviewed the arguments and the law and finds that Berkeley has failed to present a valid basis from deviating from the plain language of RCW 48.18.200, the clear intent of the Washington State legislature, subsequent state court holdings, and the clear conclusion reached in *Jorgenson*.

Without a forum selection clause in this case, Berkeley has no basis for dismissal or requesting a transfer of venue. The Court agrees with National Frozen that public and private interest factors weigh in favor of a Washington venue and will deny Berkley's alternative request for transfer under 28 U.S.C. § 1404.

### C. National Frozen's Motion

Given the conclusions above, National Frozen's Motion for Confirmation of Venue is essentially moot and the Court need not address "first to file" arguments. The Court confirms that venue in this district is proper, but declines at this time to grant National Frozen's requested relief to enjoin Berkeley from further proceedings in the parallel New York Action and will defer to that court to manage its own case.

### IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Berkley's Motion to Dismiss or Transfer Venue (Dkt. #18) is DENIED and Plaintiff National Frozen's Motion for Confirmation of Venue (Dkt. #28) is GRANTED IN PART as stated above.

DATED this 31st day of August 2017.

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS OR TRANSFER AND GRANTING MOTION FOR CONFIRMATION OF VENUE - 8