UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL FROZEN FOODS
CORPORATION, a Washington
corporation,

          Plaintiff,

      v.

BERKLEY ASSURANCE COMPANY,
an Iowa corporation,

          Defendant.

CASE NO. 2:17-cv-00339 RSM

STIPULATED PROTECTIVE ORDER

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER - 1
No. 2:17-cv-00339 RSM

**GORDON**
**TILDEN**
**THOMAS**
**CORDELL**

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

**For NFF**:

    a.    documents containing confidential and proprietary information relating to finances, marketing, sales, production, clients, customers, and testing; and

    b.    non-public communications and documents relating to the pea recall and Italian Green Bean recall.

**For Berkley**:

    a.    documents relating to marketing, sales, claims handling policies and procedures, and underwriting policies and guidelines; and

    b.    documents relating to insureds and prospective insureds other than National Frozen Foods Corporation.

**For AmWINS Defendants:**

    a.    documents relating to policies, procedures, practices, guidelines, or manuals concerning the brokering insurance; and

    b.    documents relating to clients or prospective clients other than National Frozen Food Corporation.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

GORDON 1001 Fourth Avenue
TILDEN Suite 4000
THOMAS Seattle, WA 98154-1007
CORDELL 206.467.6477

1   4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

2       4.1    Basic Principles. A receiving party may use confidential material that is disclosed

3   or produced by another party or by a non-party in connection with this case only for prosecuting,

4   defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

5   categories of persons and under the conditions described in this agreement. Confidential material

6   must be stored and maintained by a receiving party at a location and in a secure manner that ensures

7   that access is limited to the persons authorized under this agreement.

8       4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

9   by the court or permitted in writing by the designating party, a receiving party may disclose any

10   confidential material only to:

11       (a)    the receiving party's counsel of record in this action, as well as employees

12   and outside consultants of counsel to whom it is reasonably necessary to disclose the information

13   for this litigation;

14       (b)    the officers, directors, employees (including in house counsel),

15   underwriters, and reinsurers of the receiving party to whom disclosure is reasonably necessary;

16       (c)    experts and consultants to whom disclosure is reasonably necessary for this

17   litigation and who have provided written acknowledgment that they are bound by the terms of this

18   Stipulated Protective Order;

19       (d)    the court, court personnel, and court reporters and their staff;

20       (e)    copy or imaging services retained by counsel to assist in the duplication or

21   electronic management of confidential material, provided that counsel for the party retaining the

22   copy or imaging service instructs the service not to disclose any confidential material to third

23   parties and to immediately return all originals and copies of any confidential material;

24       (f)    witnesses in the action to whom disclosure is reasonably necessary and who

25   have provided written acknowledgment that they are bound by the terms of this Stipulated

26   Protective Order. unless otherwise agreed by the designating party or ordered by the court.  The

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

court reporter must be instructed to designate deposition testimony regarding confidential information as confidential on the transcript;

        (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER - 4
No. 2:17-cv-00339 RSM

**GORDON**
**TILDEN**
**THOMAS**
**CORDELL**
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

1    5.2    Manner and Timing of Designations. Except as otherwise provided in this

2 agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

3 ordered, disclosure or discovery material that qualifies for protection under this agreement must

4 be clearly so designated before or when the material is disclosed or produced.

5        (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

6 deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

7 the designating party must affix the word "CONFIDENTIAL" to each page that contains

8 confidential material. If only a portion or portions of the material on a page qualifies for protection,

9 the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

10 markings in the margins).

11       (b)    Testimony given in deposition or in other pretrial proceedings: the parties

12 and any participating non-parties are presumed to have reserved their rights to identify all protected

13 testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

14 receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

15 transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential

16 information at trial, the issue should be addressed during the pre-trial conference.

17       (c)    Other tangible items: the producing party must affix in a prominent place

18 on the exterior of the container or containers in which the information or item is stored the word

19 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

20 the producing party, to the extent practicable, shall identify the protected portion(s).

21    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

22 designate qualified information or items does not, standing alone, waive the designating party's

23 right to secure protection under this agreement for such material. Upon timely correction of a

24 designation, the receiving party must make reasonable efforts to ensure that the material is treated

25 in accordance with the provisions of this agreement.

26

STIPULATED PROTECTIVE ORDER - 5
No. 2:17-cv-00339 RSM

**GORDON**
**TILDEN**
**THOMAS**
**CORDELL**
1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

1       5.4    NFF previously disclosed several thousand pages of documentation to Berkley.

2 Much of that disclosure contains Confidential information, which is protected pursuant to a

3 Confidentiality Agreement executed by the parties on May 11, 2017. That Confidentiality

4 Agreement did not require NFF to affix the word "CONFIDENTIAL" to each Confidential

5 document. The terms of this Protective Order supersede and replace the parties' Confidentiality

6 Agreement.

7 6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8       6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

9 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

10 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

11 burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

12 challenge a confidentiality designation by electing not to mount a challenge promptly after the

13 original designation is disclosed.

14       6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

15 regarding confidential designations without court involvement. Any motion regarding confidential

16 designations or for a protective order must include a certification, in the motion or in a declaration

17 or affidavit, that the movant has engaged in a good faith meet and confer conference with other

18 affected parties in an effort to resolve the dispute without court action. The certification must list

19 the date, manner, and participants to the conference. A good faith effort to confer requires a face-

20 to-face meeting or a telephone conference.

21       6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

22 intervention, the designating party may file and serve a motion to retain confidentiality under Local

23 Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

24 persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

25 made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

26

**GORDON**
**TILDEN**
**THOMAS**
**CORDELL**
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

1  other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

2  the material in question as confidential until the court rules on the challenge.

3  7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

4  LITIGATION

5       If a party is served with a subpoena or a court order issued in other litigation that compels

6  disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

7  must:

8       (a)    promptly notify the designating party in writing and include a copy of the

9  subpoena or court order;

10      (b)    promptly notify in writing the party who caused the subpoena or order to

11  issue in the other litigation that some or all of the material covered by the subpoena or order is

12  subject to this agreement. Such notification shall include a copy of this agreement; and

13      (c)    cooperate with respect to all reasonable procedures sought to be pursued by

14  the designating party whose confidential material may be affected.

15  8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16      If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

17  material to any person or in any circumstance not authorized under this agreement, the receiving

18  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

19  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

20  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

21  and (d) request that such person or persons provide written acknowledgment that they are bound

22  by the terms of this Stipulated Protective Order.

23  9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

24  MATERIAL

25      When a producing party gives notice to receiving parties that certain inadvertently

26  produced material is subject to a claim of privilege or other protection, the obligations of the

GORDON
TILDEN
THOMAS
CORDELL

1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1007
206.467.6477

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 27th day of July, 2018.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff National Frozen Foods Corporation

By   s/ *Greg D. Pendleton*
Dale L. Kingman, WSBA #07060
Greg D. Pendleton, WSBA #38361
1001 Fourth Avenue, Suite 4000
Seattle, Washington 98154
206.467.6477
dkingman@gordontilden.com
gpendleton@gordontilden.com

GORDON
TILDEN
THOMAS
CORDELL
1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1007
206.467.6477

DATED this 27th day of July, 2018.

**SELMAN BREITMAN LLP**
Attorneys for Defendant Berkley Assurance Company

By    s/ *Justin S. Landreth*
       Peter J. Mintzer, WSBA #19995
       Justin S. Landreth, WSBA #44849
       Selman Breitman LLP
       800 Fifth Avenue, Suite 4100
       Seattle, WA  98104
       pmintzer@selmanlaw.com
       jlandreth@selmanlaw.com

DATED this 27th day of July, 2018.

**MOUND COTTON WOLLAN & GREENGRASS LLP**
Attorneys for Defendant Berkley Assurance Company

By    s/ *Diana McMonagle*
       Jeffrey S. Weinstein*
       Diana McMonagle*
       One New York Plaza
       New York, NY  10004
       jweinstein@moundcotton.com
       dmcmonagle@moundcotton.com
       *Admitted Pro Hac Vice

DATED this 27th day of July, 2018

**ANDREWS SKINNER, P.S.**
Attorneys for Defendants AmWINS Brokerage of Illinois, AmWINS Brokerage of Arizona, and AmWINS Group, LLC

By    s/ Alison L. Markette
       Stephen G. Skinner, WSBA #17317
       Alison L. Markette, WSBA #46477
       645 Elliott Ave. W, Ste. 350
       Seattle, WA 98119
       Stephen.skinner@andrews-skinner.com
       Alison.markette@andrews-skinner.com

**GORDON**    1001 Fourth Avenue
**TILDEN**    Suite 4000
**THOMAS**    Seattle, WA  98154-1007
**CORDELL**   206.467.6477

1  PURSUANT TO STIPULATION, IT IS SO ORDERED

2  IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3  documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

4  in any other court, constitute a waiver by the producing party of any privilege applicable to those

5  documents, including the attorney-client privilege, attorney work-product protection, or any other

6  privilege or protection recognized by law.

7  DATED:  July 27, 2018

8

9

10  RICARDO S. MARTINEZ
11  CHIEF UNITED STATES DISTRICT JUDGE

12

13

14  -

15

16

17

18

19

20

21

22

23

24

25

26

**GORDON** | 1001 Fourth Avenue
**TILDEN** | Suite 4000
**THOMAS** | Seattle, WA  98154-1007
**CORDELL** | 206.467.6477