UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL FROZEN FOODS CORPORATION, A WASHINGTON CORPORATION,

Plaintiff,

v.

BERKLEY ASSURANCE COMPANY, an Iowa Corporation,

Defendant.

Case No. C17-339 RSM

ORDER DENYING MOTION FOR LEAVE TO FILE CROSS-CLAIM

## I. INTRODUCTION

This matter comes before the Court on Defendant Berkley Assurance Company ("Berkley")'s Motion for Leave to File Cross-Claim. Dkt. #73. Plaintiff National Frozen Foods Corporation ("National Frozen") does not oppose this Motion. Dkt. #75. Defendants AmWINS Brokerage of Arizona, AmWINS Brokerage of Illinois, and AmWINS Group, LLC (collectively "AmWINS") oppose. Dkt. #78. For the reasons stated below, the Court DENIES Berkley's Motion.

ORDER DENYING MOTION FOR LEAVE TO FILE CROSS-CLAIM - 1

## II. BACKGROUND

National Frozen is a supplier of frozen vegetables. Dkt. #1-1 at ¶ 2. In May 2016, National Frozen purchased a Contaminated Products Insurance Policy from Defendant Berkley. *Id*. at ¶ 6; *see also* Dkt. #19 at 7. National Frozen used AmWINS Brokerage of Arizona to broker the sale and negotiation of the insurance coverage. Dkt. #45 at 6; Dkt. #62 at 3.

National Frozen suffered a recall during the period Berkley contracted to insure. *See* Dkt. #1-1 at ¶¶ 17–29 (describing recall of peas contaminated with listeria monocytogenes). Berkley denied coverage for the loss. *Id*. at ¶¶ 30–32.

On February 2, 2017, National Frozen filed a suit against Berkley in King County Superior Court, and Berkley later removed to this Court. Dkt. #1. The AmWINS Defendants were not parties to the lawsuit at that time. National Frozen later sent subpoenas to AmWINS and on November 6, 2017, filed its First Amended Complaint adding claims against AmWINS. Dkt. #45. Specifically, National Frozen alleged that AmWINS received National Frozen's "loss runs" showing a prior recall of green beans, and that AmWINS should have submitted those to Defendant Berkeley as part of the application for insurance. *Id*. at 3, 5–6, and 10–11. National Frozen alleged that AmWINS was specifically made aware of the mistake in the application but failed to alert Berkley. *Id*. at 10–11.

On December 4, 2017, Berkley filed its Answer to the First Amended Complaint with a counterclaim against National Frozen but no cross-claim against AmWINS. Dkt. #51.

On December 20, 2017, the Court issued an Amended Scheduling Order, based on a stipulation filed by the parties, extending the deadline for joining additional parties and amending the pleadings from November 6, 2017, to May 14, 2018. Dkt. #53.

ORDER DENYING MOTION FOR LEAVE TO FILE CROSS-CLAIM - 2

On January 22, 2018, AmWINS filed an Answer admitting receiving National Frozen's loss runs. Dkt. #55. Initial disclosures and discovery proceeded. The deadline for amending pleadings passed. The parties conducted depositions between June and July of 2018. Berkley filed the instant Motion on July 11, 2018. Dkt. #73.

### III. DISCUSSION

#### A. Legal Standard

"When a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *Learjet, Inc. v. Oneok, Inc.* (In re W. States Wholesale Natural Gas Antitrust Litig.), 715 F.3d 716, 737 (9th Cir. 2013). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). While a court may take into account any prejudice to the party opposing modification of the scheduling order, "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *Id.*

#### B. Analysis

Berkley seeks relief from the existing deadline for amending pleadings "based on newly discovered facts arising from recently taken depositions of former AmWINS employees." Dkt. #73 at 2. Berkley asserts that "testimony elicited during these depositions produced previously

ORDER DENYING MOTION FOR LEAVE TO FILE CROSS-CLAIM - 3

unknown facts establishing that AmWINS negligently failed to provide Berkley with information related to National Frozen's loss history, specifically its July 2015 claim related to a recall of green beans contaminated with listeria, as part of National Frozen's application for insurance coverage." *Id*. Berkley argues the Rule 15(a) "extreme liberality" standard for amendments and the Rule 16 "good cause" standard for amendments after a scheduling order deadline has passed. *Id*. at 7–8. Berkley asserts it was "was diligent in its discovery related to AmWINS," but glosses over the gap in time between AmWINS Answer in January and the June depositions that apparently alerted Berkley to the need for a cross claim. *Id*. at 8.

In Response, AmWINS argues that Berkley has failed to demonstrate that it could not have met the Court's deadline and that it was not diligent in amending to assert this counterclaim. AmWINS argues that Berkley should have been alerted by National Frozen's pleading and other notice, via written discovery, that "AmWINS received copies of [National Frozen]'s loss runs, did not include those loss runs with [National Frozen]'s Application to Berkley, was told… that [National Frozen]'s Application was inaccurate, and allegedly did not alert the various markets to the inaccuracies in the Application." Dkt. #78 at 8. AmWINS points out that "if Berkley believed it needed the depositions… to move to amend, then Berkley could have sought the depositions earlier." *Id*.

On Reply, Berkley asserts that the "depositions were necessary to confirm unwritten communications, or the lack of unwritten communications, that support Berkley's claim for negligent misrepresentation." Dkt. #83 at 2. Berkley argues that "diligence does not require a party to include a claim or defense based upon a mere inkling of its existence." *Id*. Berkley argues that documents produced in discovery, which Berkley had before the depositions, did not

ORDER DENYING MOTION FOR LEAVE TO FILE CROSS-CLAIM - 4

"prove the absence of conversations or communications or provide context…" *Id*. at 3. Berkley also addresses the Rule 15(a) standard.

The key here is the diligence of the party seeking the amendment. In this case there have been numerous stipulations filed to extend deadlines, including the deadline for amending pleadings. The parties have appeared fully capable of working together to jointly seek that type of relief. However, with the specific issue in this Motion, Berkley failed to assert cross-claims against AmWINS until nearly two months after the deadline. The Court agrees with AmWINS that all of the information was available to Berkley to pursue such claims, or seek further extension, if Berkley had been diligent. Berkley's briefing indicates a belief that it needed to conduct the depositions before filing crossclaims, using language such as "establishing" that AmWINS was negligent, "confirm[ing]" facts, and "prov[ing] the absence of conversations or communications. Such level of proof is unnecessary to plead a claim, and delaying a crossclaim until discovery is complete unreasonably delays a case and would create a second phase of discovery. The Court concludes that Berkley was not diligent, and that this is dispositive. Berkley has failed to demonstrate good cause to modify the case schedule.

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Berkley's Motion for Leave to File Cross-Claim (Dkt. #73) is DENIED.

DATED this 12th day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR LEAVE TO FILE CROSS-CLAIM - 5