# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NATIONAL FROZEN FOODS CORPORATION, A WASHINGTON CORPORATION,, <br><br> Plaintiff, <br><br> v. <br><br> BERKLEY ASSURANCE COMPANY, an Iowa Corporation, <br><br> Defendant. | Case No. C17-339RSM <br><br> ORDER DENYING MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on Defendant Berkley Assurance Company ("Berkley")'s Motion to Continue Trial Date and Amend Case Schedule. Dkt. #91. Berkley seeks a 90-day extension of all remaining deadlines "based on the withdrawal of lead trial counsel." *Id*. at 1.

This case was originally removed to this Court on March 6, 2017, with a trial date set for July 30, 2018. Dkts. #1 and #35. On December 20, 2017, the Court granted a stipulated motion and continued trial until February 4, 2019. Dkt. #53. The deadlines for discovery were extended twice after that. Dkts. #64 and #77.

ORDER GRANTING MOTION FOR RELIEF FROM EXPERT DISCLOSURE DEADLINE - 1

Defendant Berkley is represented by local counsel and "lead counsel" appearing pro hac vice. Berkley states that its lead counsel from the firm Mound Cotton Wollan Greengrass "recently… identified the need to withdraw from this case based on a conflict." Dkt. #91 at 2. Berkley quickly retained new counsel from the firm Coughlin Duffy LLP and requests this continuance so that Coughlin Duffy can "get up to speed in this case and prepare for remaining discovery, dispositive motions, further settlement negotiations, and trial." *Id*.

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). For good cause shown, the Court may grant a request to modify or enlarge the deadlines in a Case Scheduling Order. Fed. R. Civ. P. 16(b)(4). This "good cause" standard "primarily considers the diligence of the party seeking the amendment," though the court may also take into account "the existence or degree of prejudice to the party opposing the modification." *Johnson*, 975 F.2d at 609. Mere "carelessness is not compatible with a finding of diligence." *Id*. The Court should also consider *inter alia*, the need for a continuance, the inconvenience to the witnesses and the Court, and the hardship a denial of a continuance would cause the moving party. *See United States v. 2.61 Acres of Land*, 791 F.2d 666, 670–71 (9th Cir. 1986).

Plaintiff National Frozen Food Corporation ("NFF") argues that Mound Cotton Wollan Greengrass's failure to detect a conflict was "carelessness" and that Berkley has failed to demonstrate it acted with diligence. Dkt. #101 at 4. NFF argues that Berkeley is replacing only half of its legal team, as it has continued to have the same local counsel, and argues that Berkley's basis for this motion relies only on the "generic and generalized" statement of the new counsel needing to "get up to speed." *Id*. at 5–6. NFF also argues that trial was five months away at the time of the Motion and thus there is no significant hardship to prepare for trial. *Id*. at 6. NFF argues it will suffer prejudice if a continuance is granted. *Id*.

ORDER GRANTING MOTION FOR RELIEF FROM EXPERT DISCLOSURE DEADLINE - 2

On Reply, Berkley argues that "NFF has cited no case law or provided any persuasive reasoning for imputing former counsel's conduct to more swiftly identify the conflict to Berkley," and that "NFF simply cannot argue, as it must, that Berkley did not act diligently in replacing Mound Cotton with Coughlin Duffy and for moving for a continuance." Dkt. #106 at 2. Berkley argues that it will suffer a hardship if this Motion is not granted because it will "potentially be[] deprived of the right to mount an adequate defense after the firm most familiar with the matter and prepared to try the case withdrew through no fault of Berkley's." *Id*. at 3. Berkley discusses the looming pretrial deadlines.

The Court is not convinced by the record that Berkley or its counsel acted with sufficient diligence in identifying the conflict necessitating the requested relief. Furthermore, Berkley's arguments for need and hardship are too generalized, and fail to account for the role of local counsel. As in any case, local counsel is required to be ready to handle the matter in the event pro hac vice counsel in unable to be present. *See* LCR 83.1(d)(2). The Court finds no good cause for yet another continuance of the trial date and pretrial deadlines.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Berkley's Motion to Continue Trial Date and Amend Case Schedule, Dkt. #91, is DENIED. The Deadline to Exchange Expert Reports is now set for the day after this Order is entered. *See* Dkt. #107.

DATED this 17 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR RELIEF FROM EXPERT DISCLOSURE DEADLINE - 3