UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| NATIONAL FROZEN FOODS CORPORATION, A WASHINGTON CORPORATION,, <br><br> Plaintiff, <br><br> v. <br><br> BERKLEY ASSURANCE COMPANY, an Iowa Corporation, <br><br> Defendant. | Case No. C17-339 RSM <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

This matter comes before the Court on Plaintiff National Frozen Foods Corporation ("NFF")'s Motion to Compel Discovery. Dkt. #65. NFF moves to compel Defendant Berkley Assurance Company ("Berkley") to produce discovery concerning its underwriting practiseces of similarly-situated insureds. Berkley opposes this Motion. Dkt. #68.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 1

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The background facts of this case have previously been set forth by this Court in its Order on September 12, 2018, and are incorporated by reference here. *See* Dkt. #105. NFF's causes of action against Berkeley in this case are for declaratory judgment, breach of contract, negligence, and equitable reformation. Dkt. #45.[1] Defendant Berkeley has brought a counterclaim of rescission. Dkt. #51. NFF alleges it provided a "loss run" to Defendant AmWINS that identified the prior recall. Dkt. #65 at 3 (citing Dkt. #45 ¶ 20). NFF alleges that AmWINS negligently failed to provide that loss run to Berkley. Dkt. #45 at ¶ 21. NFF further argues that "Berkley failed to request the loss run during the underwriting process even though an insured's loss history is among – if not the – most critical underwriting consideration," and that this was commercially unreasonable. Dkt. #65 at 3; Dkt. #45 at ¶ 36.

NFF seeks the following discovery from Berkley:

> **Interrogatory No. 13**: Identify the number of new Contaminated Products Insurance Policies underwritten by Berkley between May 1, 2013 and May 1, 2016.

> **Interrogatory No. 14**: Of those policies that you identified in Interrogatory No. 13, how many of those Policies were issued to insureds who previously had a Contaminated Products Insurance Policy issued through another insurance carrier?

> **Interrogatory No. 15**: Of those policies that you identified in Interrogatory No. 14, how many of those policies were underwritten without a loss run?

---

[1] NFF also alleges several causes of action against Defendant AmWINS. *See* Dkt. #45.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY - 2

1
2

**Request for Production No. 28**: Produce copies of the underwriting files that you identified in your response to Interrogatory No. 15.

3

Dkt. #66-2. On May 4, 2018, Berkeley objected to these discovery requests as seeking

4

5

information not relevant to any claim or defense, further arguing that they are overbroad and

6

seek confidential and proprietary information. *Id*.

7

NFF argues that its requested discovery of similarly-situated insureds is relevant to the

8

materiality and reasonable reliance elements of Berkley's rescission counterclaim, and that the

9

requested discovery is proportional to the needs of this case. Dkt. #65 at 2.

10

11

Under Washington law, the elements of rescission of an insurance contract are: (1) the

12

insured represented certain information as truthful to the insurer during negotiation of the

13

insurance contract; (2) those representations were untruthful; (3) the misrepresentations were

14

material; and (4) they were made with intent to deceive the insurer. *Cutter & Buck, Inc. v.*

15

*Genesis Ins. Co.*, 306 F.Supp.2d 988, 997 (W.D. Wash. 2004) (citing RCW 48.18.090(1)). A

16

17

representation made in conjunction with an insurance policy application or negotiation is

18

material if, *inter alia*, "the representation influenced the insurance company's decision to issue

19

the coverage." *Id.* at 1003.

20

The Court finds that the information requested in Interrogatories 13 through 15 is

21

22

arguably relevant to NFF's defense of Berkley's rescission counterclaim, because such

23

information could assist NFF in arguing that Berkley did not tend to materially rely on the

24

applications of its insureds as to this issue and instead relied on loss runs. *See* Dkt. #65 at 8.

25

Furthermore, as NFF points out, "[i]f Berkley had a practice of requesting loss runs from

26

similarly-situated insureds before issuing policies, then it would be unreasonable for Berkley to

27

have relied solely on NFF's Application without securing a copy of the loss run." *Id*. at 11.

28

The Court does not imply that such arguments would be meritorious, only that Berkley has failed to meet its burden of demonstrating that the above requested information is not relevant to this case. Furthermore, Berkeley has failed to demonstrate that responding to these interrogatories would be overly burdensome, require it to produce confidential and proprietary information, or that such information could not be protected by a protective order.

Turning to Request for Production No. 28, the Court agrees with Berkley that producing copies of these underwriting files would not be proportional to the needs of this case and that the privacy of the other insureds outweighs the relevance of such documents. Berkley has already produced its relevant underwriting guidelines, and produced underwriting files for other policy holders with a loss history similar to NFF. Dkt. #68 at 10 (citing Dkt. #70 at 5). Berkley credibly establishes the high burden of searching for and redacting these requested records. *See id.*; Dkt. #70 at ¶ 21. The Court will thus deny this portion of the Motion.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff National Frozen Foods Corporation's Motion to Compel Discovery (Dkt. #65) is GRANTED IN PART. Defendant Berkley shall respond to the Interrogatories listed above, without objection, within **seven (7) days** of the entry of this Order.

DATED this 22 day of October 2018.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE